# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**COLBY DRANOEL LEONARD (#536844)**                    **CIVIL ACTION**

**VERSUS**

**KEITH COOLEY, WARDEN**                                        **NO. 15-0073-SDD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.   Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 14, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

COLBY DRANOEL LEONARD (#536844)                    CIVIL ACTION

VERSUS

KEITH COOLEY, WARDEN                              NO. 15-0073-SDD-EWD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   The State has filed a response wherein it asserts the procedural defense of untimeliness in response to Petitioner's application.    Petitioner has filed a Motion for Summary Judgment (R. Doc. 18) wherein he complains that the State did not initially comply with an Order of this Court to provide a complete copy of the state court record.    There is no need for oral argument or for an evidentiary hearing.

Petitioner Colby Leonard challenges his conviction entered in 2008 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of armed robbery.   After a jury trial, Petitioner was found guilty of the charged offense and, on March 27, 2008, Petitioner was sentenced to thirty-five years in confinement, with the sentence to be served without the benefit of probation, parole or suspension of sentence.

On direct appeal, Petitioner asserted the single claim that the trial court erred in denying a motion to reconsider the sentence, effectively contending that the sentence was unconstitutionally excessive in light of specific mitigating factors.   On March 27, 2009, the Louisiana Court of Appeal for the First Circuit affirmed Petitioner's conviction and sentence.   *See State v. Leonard*,

5 So.3d 1061, 2009 WL 838624 (La. App. 1 Cir. 2009).    Petitioner thereafter sought supervisory review before the Louisiana Supreme Court, which Court denied review, without comment, on January 8, 2010.    *See State v. Leonard*, 24 So.3d 859 (La. 2010).    Upon the failure of Petitioner to file an application for a writ of certiorari in the United States Supreme Court, his conviction became final on April 8, 2010, after expiration of the ninety-day period allowed for him to do so. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2010) (recognizing that a conviction becomes final for federal purposes after the 90-day period allowed for a petitioner to proceed in the United States Supreme Court if he has not pursued such relief).

On or about February 10, 2011,[1] approximately ten months after the finality of his conviction, Petitioner filed an application for post-conviction relief ("PCR") in the state district court, wherein he asserted "numerous (nineteen jumbled and co-mingled) claims in his twenty-one page, single-lined, handwritten memorandum which includes ineffective assistance of counsel, a defective bill of information and a *Brady* violation allegation."    (Recommendation of the State Court Commissioner dated March 26, 2013).    Pursuant to a Ruling dated May 1, 2013, the state

---

1    Petitioner's application for post-conviction relief was apparently filed in the state district court on February 15, 2011, but it was signed by Petitioner on February 10, 2011.  The United States Court of Appeals for the Fifth Circuit has instructed that federal habeas courts within the State of Louisiana must apply Louisiana's "mailbox rule" when determining the filing date of a petitioner's state court filings.  Accordingly, pleadings submitted by a *pro se* habeas petitioner are considered to be "filed" in state court as of the moment that the prisoner places them in the prison mail system for submission to the court, not on the date that the pleadings are ultimately received or docketed by the receiving court.  *See Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006); *Lane v. Rogers*, 2012 WL 3160034, *1 n. 3 (E.D. La. June 21, 2012).  Inasmuch as Petitioner's PCR application was dated February 10, 2011, this is potentially the date that he gave it to prison officials for mailing.  In the interest of fairness, unless otherwise noted, the Court will utilize that date as the presumptive date of filing.  In addition, the Court in hereafter referencing the dates of filing of Petitioner's various *pro se* pleadings in the state courts and in this Court, will utilize the dates that Petitioner apparently signed his respective pleadings as the dates of filing thereof in the respective courts.

trial judge accepted the Commissioner's Recommendation that Petitioner's claims be rejected and dismissed Petitioner's PCR application.

The record reflects that Petitioner thereafter filed in the state intermediate appellate court, on or about May 23, 2013, a request for supervisory writ of review relative to the denial of his PCR application.   The state appellate court, however, rejected the writ application on August 27, 2013, without substantive review, finding that Petitioner had failed to comply with the procedural requirements set forth in the Uniform Rules, Louisiana Courts of Appeal, which Rules identify specific documentation that a petitioner must provide when filing an application for supervisory review.[2]   Specifically, the appellate court stated:

> **WRIT DENIED ON THE SHOWING MADE.**   Relator has failed to include all pertinent transcripts and minute entries, and any other portions of the district court record that might support the claims raised in the application for postconviction relief.   Supplementation of this writ application and/or an application for rehearing will not be considered.   See Uniform Rules of Louisiana Courts of Appeal, Rules 2-18.7 & 4-9.   Any future filing on this issue should include the entire contents of this application, the missing items noted above, and a copy of this ruling.   In the event relator elects to file a new application with this Court, the application must be filed on or before October 22, 2013.

See State v. Leonard, 2013 WL 12120742 (La. App. Aug. 27, 2013).   In response to this admonition, Petitioner filed a new writ application on or about September 12, 2013, which application was denied by the appellate court on February 27, 2014.   From this determination, Petitioner filed, on or about March 19, 2014, a timely writ of supervisory review in the Louisiana

---

2       Rule 4-5 of the Uniform Rules, Louisiana Courts of Appeal, provides in pertinent part that an application for supervisory writs "shall contain ... a copy of the judgment, order, or ruling complained of ... a copy of the judge's reasons for judgment, order, or ruling ... a copy of each pleading on which the judgment, order, or ruling was founded, including ... the indictment or the bill of information in criminal cases ... a copy of any opposition and any attachments thereto filed by a party in the trial court ... a copy of pertinent court minutes ... the notice of intent and return date order required by Rules 4-2 and 4-3 ...."

Supreme Court. Petitioner's writ application was thereafter denied, without comment, on January 9, 2015. *See State ex rel. Leonard v. State*, 157 So.3d 591 (La. 2015).

Finally, on or about February 4, 2015, Petitioner filed the instant federal habeas corpus application in this Court. Based on the foregoing procedural history, the Court concludes that Petitioner's application is untimely.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date upon which the judgment becomes final (by conclusion of direct review or through expiration of the time for seeking such review). 28 U.S.C. § 2244(d)(1)(A). As provided by statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending with respect to the pertinent judgment or claim tolls the one-year limitations period and shall not be counted toward any part of that period. 28 U.S.C. § 2244(d)(2). In contrast, the time during which there is *no* properly-filed state court application pending is counted against the one-year period. Applications must remain both "properly filed" and "pending" to provide a petitioner with the benefit of statutory tolling. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and procedural rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a state application is "pending" both while it is before a state court for review and also during the interval of time after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, as noted above, Petitioner's conviction became final on April 8, 2010,

ninety days after denial of his application for supervisory review in the Louisiana Supreme Court on January 8, 2010 in connection with his direct appeal.   *See Roberts v. Cockrell*, *supra,* 319 F.3d at 694.   Petitioner thereafter waited until February 10, 2011, more than a year after the decision of the Louisiana Supreme Court and approximately ten months after the finality of his conviction, before he filed an application for post-conviction relief in the state court.   Inasmuch as there were no post-conviction or other collateral review proceedings pending prior to that date, 306 days were allowed to elapse on the one-year time clock.   Tolling then commenced on February 10, 2011 when Petitioner filed his PCR application in the state district court.   The one-year period thereafter remained tolled until denial of Petitioner's PCR application in the state trial court on May 1, 2013, and for an additional thirty (30) days thereafter, or until May 31, 2013, because Louisiana procedural law provides for a 30-day period to proceed to the next level of state review and because, under federal law, as explained above, the limitations period remains tolled both during the time that a properly-filed post-conviction review application is pending before the state court and during the interval after the ruling thereon when Petitioner has the right under state procedural law to proceed to the next level of appellate review.   *Melancon v. Kaylo*, *supra,* 259 F.3d at 406.   Notwithstanding, as hereafter discussed, the Court concludes that an additional period of un-tolled time elapsed thereafter, leading to the conclusion that Petitioner's habeas corpus application is untimely.

First, whereas Louisiana law allows a thirty-day period to proceed to the next level of appellate review after the denial of a PCR application, Louisiana law also requires that a petitioner attach to his subsequent appellate review application certain documentation pertinent to his claims in order that the appellate court is able to evaluate same.   *See* Rule 4-5 of the Uniform Rules, Louisiana Courts of Appeal.   Applying the foregoing to the instant case, upon the denial of

Petitioner's PCR application in the state trial court on May 1, 2013, Petitioner then had, in the absence of a requested or implied extension, thirty (30) days, or until May 31, 2013, within which to file a supervisory writ application.    In the instant case, the record reflects that Petitioner did in fact timely file, on or about May 23, 2013, within the 30-day period, a supervisory writ application in the intermediate appellate court.    Notwithstanding, the referenced writ application was not "properly filed" so as to interrupt the limitations period because Petitioner did not attach to his application the pertinent documentation.    This is made clear by the subsequent denial of Petitioner's writ application on August 27, 2013 for this very reason.    As a result, the time-clock again began to run on June 1, 2013 because the 30-day time period allowed to Petitioner to proceed to the next level of state review elapsed on that date, and Petitioner did not then have pending any properly-filed application for post-conviction or other collateral review pending before the state courts.    In consequence, an additional period of 86 days of un-tolled time elapsed on the one-year time clock before the appellate court denied Petitioner's writ application "on the showing made" and set a later date, October 22, 2013, upon which Petitioner would be allowed to re-file his writ application in proper form.[3]

---

3    The Court notes that the law is unclear whether the action of the intermediate appellate court in setting a later date upon which Petitioner would be allowed to re-file his writ application effectively amounted to an extension of time that operated to toll the limitations period.    *Compare Roberts v. Cain*, 2015 WL 7080546, *2 (E.D. La. Nov. 13, 2015) (finding that such action "may clearly be considered as implicitly granting an extension of time"), and *Holton v. Cain*, 2014 WL 3189737, *6 (M.D. La. July 8, 2014) (finding an implicit extension of time), with *Howard v. Cain*, 2011 WL 3794909, *4 (M.D. La. Aug. 2, 2011) (concluding without discussion that no tolling credit accrued during the additional period allowed by the appellate court), and *Clarke v. Rader*, 2012 WL 589207, *6 n. 4 (M.D. La. Jan. 20, 2012) (concluding that the Court need not address the issue because Petitioner's federal habeas corpus application was untimely without consideration of the additional time allowed).    In the instant case, as in the *Clarke* case, *supra*, the Court concludes that it need not address this issue inasmuch as the Court finds Petitioner's federal habeas corpus proceeding to be untimely without consideration of the additional time allowed. Specifically, even giving Petitioner credit for the time after the appellate court granted him a

In further explanation of the foregoing, when Petitioner filed his initial writ application before the intermediate appellate court on May 23, 2013, the writ application did not toll the limitations period because the application was procedurally deficient and so may not be seen to have been "properly-filed" for the purpose of such tolling.   *See, e.g.*, *Clarke v. Rader*, 2012 WL 589207 (M.D. La. Jan. 20, 2012), *affirmed*, 721 F.3d 339 (5th Cir. 2013) (concluding that a writ application filed without the documentation required by Rule 4-5 was "not 'properly filed' for purposes of § 2254(d)(2)" and did not toll the limitations period); *George v. Cain*, 2014 WL 535711, *3 (W.D. La. Feb. 7, 2014) ("The writ was deemed deficient and not considered because it did not comply with Rule 4-5 of the Uniform rules of the Courts of Appeal.   Therefore, the pleading could not statutorily toll the limitation period").   As a result, Petitioner is not entitled to tolling during the time that that application was pending.   Specifically, a state application for post-conviction relief is "properly filed" pursuant to § 2244(d)(2) only "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."   *Artuz v. Bennett, supra*, 531 U.S. at 8.   *See also Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999) (holding that a properly filed application is "one that conforms with a state's applicable procedural filing requirements").

In *Larry v. Dretke*, 361 F.3d 890 (5th Cir. 2004), the Fifth Circuit summarized the law governing when a state application is "properly filed," and concluded, relative to procedural filing rules, that if the applicable procedural rule "provides 'no exceptions' and the court need not examine 'issues related to substance' to apply the procedural rule, then the application is not 'properly filed.'"   *Id.* at 893, *citing Emerson v. Johnson*, 243 F.3d 931, 933-34 (5th Cir. 2001)

---

deadline to file a subsequent proper writ application, Petitioner's application before this Court is still untimely.

(finding that an application is not "properly filed" where the procedural rule at issue "seemingly provides no exceptions and does not require an examination of the merits of [Petitioner's] claim"). The decision in *Edwards v. Cockrell*, 2003 WL 21321231 (N.D. Tex. June 5, 2003), *affirmed*, 116 Fed. Appx. 470 (5th Cir. 2004), is also instructive.   In that case, the state habeas petitioner had failed to comply with a procedural rule that required him to set out his grounds for relief in the body of his habeas corpus form and not by reference to an attached document.   The state clerk of court nonetheless accepted the application for filing, and the trial court substantively addressed the claims asserted therein.   Upon subsequent review by the state appellate court, however, that court rejected the petitioner's application in its entirety because the initial filing had been improper from the start because it failed to comply with the referenced procedural rule.   When the petitioner thereafter filed an application for federal habeas review, the federal district court determined that the petitioner's application was untimely, specifically because, although the petitioner's application had been "pending" for some period of time before the state courts, it had not been "properly filed" so as to interrupt the limitations period.   Moreover, the mere fact that the application had been accepted for filing in the state trial court and had been substantively reviewed by that court did not render the state application "properly filed."   This determination was thereafter upheld by the United States Court of Appeals for the Fifth Circuit.   *See Edwards v. Dretke*, 116 Fed. Appx. 470 (5th Cir. 2004).

Applying the foregoing to the facts of the instant case, when Petitioner filed his timely writ application in the First Circuit Court on May 23, 2013, it was essential, in order for tolling to apply, that the pending appellate application be seen to have been "properly filed."   *Artuz v. Bennett, supra*, 531 U.S. at 9 (recognizing that a state court application for post-conviction relief may be "*pending*, but not *properly filed*" for purposes of tolling) (emphasis in original)).

Notwithstanding, the state appellate court thereafter explicitly determined that the writ application before that court was not properly filed and would not be considered, specifically because Petitioner had not provided with his application the documentation required by Rule 4-5 of the Uniform Rules.    In this regard, Rule 4-5 of the Louisiana appellate court rules, which sets forth the documentation that "shall" be filed with an application for supervisory review, provides no exception that would allow the appellate court to review an application that is not compliant therewith.    Moreover, as a practical matter, the reviewing court would be unable to evaluate the substantive merit of a petitioner's claims in the absence of the required documentation. Accordingly, even if Petitioner's writ application in the intermediate appellate court was "pending" after he filed same on May 23, 2013, it was procedurally deficient and was explicitly rejected for that reason, and so was never "properly filed" within the meaning of § 2244(d)(2).    As a result, Petitioner is not entitled to tolling during the subsequent pendency of that application.    *See Artuz v. Bennett, supra*, 531 U.S. at 9.    Instead, there was only an improperly filed application pending between the date it was filed, May 23, 2013, and the date it was denied without substantive consideration on August 27, 2013.    Accordingly, as stated above, an additional period of 86 days elapsed during the referenced interval.

The above conclusion is supported by other decisions in this Circuit.    In *Dugas v. Cain*, 2010 WL 2816247 (W.D. La. May 25, 2010), *supplemented in* 2010 WL 2816250 (W.D. La. June 24, 2010), the United States District Court for the Western District of Louisiana addressed a situation similar to that presented herein.    In that case, after denial of the petitioner's PCR application in the state trial court, the petitioner apparently filed two writ applications in the intermediate appellate court.    Both of these applications were denied on procedural grounds, the first because the application was premature and the second because, as here, the petitioner failed

to comply with Louisiana Rule 4-5 by failing to provide copies of pertinent underlying pleadings on which the conviction was founded.    In thereafter addressing the timeliness of the petitioner's application for habeas corpus relief in federal court, the Court concluded that neither of these applications had tolled the limitations period "because both of the writs ... were not 'properly filed.'"    *Id.* at *5.    *See also* 2010 WL 2836278 (W.D. La. July 15, 2010) (adopting the Magistrate Judge's Report and Recommendation entered in that case).

Similarly, in *Mark v. Michael*, 2008 WL 4365929 (E.D. La. Sept. 23, 2008), an identical situation was presented, and whereas the Court ultimately concluded that the petitioner's habeas corpus application was independently untimely, the Court addressed the effect that would have been given to the petitioner's state court application for supervisory review in the intermediate appellate court, which application had failed to comply with Rule 4-5 and which application had been explicitly denied for that reason.    As stated by the Court in *Mark*:

> [E]ven if the disputed writ application had been [timely] filed ..., it would change nothing here because it was not "properly filed" as required for tolling credit under 28 U.S.C. § 2244(d)(2).    It is clear that a "properly filed application" is "one that conforms with a state's applicable procedural filing requirements," *i.e.* "those prerequisites that must be satisfied before a state court will allow a petition to be filed and accorded some level of judicial review."    *Villegas v. Johnson*, [*supra*]. Therefore, to be "properly filed," an application must comply with the applicable "rules governing filings," including "the form of the document."    *Artuz v. Bennett*, [*supra*].    Under the applicable rules of Louisiana state courts, an appellate court writ application must include all pertinent documents from the lower court .... Louisiana Uniform Rules - Courts of Appeal, Rule 4-5.    Without any level of substantive review, the Louisiana First Circuit Court of Appeal rejected petitioner's application for noncompliance with that procedural rule ....    Therefore, regardless of when [the petitioner's] application was filed, it was not "properly filed."

*Id.* at *3 n. 18.    *See also Clarke v. Rader*, *supra* (concluding that a writ application filed without the documentation required by Rule 4-5 was "not 'properly filed' for purposes of § 2254(d)(2)" and did not toll the limitations period); *Howard v. Cain*, 2011 WL 3794909 (M.D. La. Aug. 2, 2011)

(same).    Based on the foregoing, this Court similarly concludes that Petitioner's filing of his initial writ application in the Louisiana appellate court on May 23, 2013, which application did not comport with the procedural requirements of Uniform Rule 4-5 and which application was rejected for that reason, did not result in a "properly filed" application within the meaning of 28 U.S.C. § 2244(d)(2).

Totaling up the foregoing figures (306 + 86 = 392), and pretermitting consideration of any other periods of time during which there were no post-conviction or other collateral review proceedings pending before the state courts,[4] it is clear that more than a year of un-tolled time elapsed before Petitioner filed his habeas corpus application in this Court on February 4, 2015. This conclusion compels the determination that Petitioner's application before this Court is untimely.

<u>Petitioner Is Not Entitled To Equitable Tolling Of The Limitations Period[5]</u>

Finally, although this Court has the power to equitably toll the limitations period, *Davis v.*

---

4        It appears that after the conclusion of Petitioner's PCR proceedings in the state courts, through denial of Petitioner's Supreme Court writ application on January 9, 2015, he waited an additional period of 25 days before filing the instant federal habeas corpus application in this Court.
5        Although there is an additional form of statutory tolling recognized in 28 U.S.C. § 2244(d)(1)(B), Petitioner has not sought to avail himself of this provision.    Under this section, the limitations period does not run against a habeas petitioner during the period that he faces a state-created impediment to filing that is "in violation of the Constitution or laws of the United States."    By its terms, this provision applies only "if the applicant was prevented from filing by such State action."    Thus, a petitioner asserting a state-created impediment under this provision has the burden of showing that "(1) he was prevented from filing a federal habeas corpus petition (2) by State action (3) in violation of the Constitution or federal law."    *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).    The Court perceives no legal or factual basis for a finding in this case that there was any state action that was either in violation of the Constitution or that prevented Petitioner from pursuing his post-conviction proceedings.    Accordingly, the statutory tolling provided by this section is not applicable to Petitioner's habeas corpus application before this Court.

*Johnson*, 158 F.3d 806, 811 (5th Cir.1998), the Court finds no compelling reason to recommend tolling in this case.    Equitable tolling of the 28 U.S.C. § 2244(d) time-bar is permitted only "in rare and exceptional circumstances."    *Id*.    The doctrine "applies principally where the plaintiff is actively misled ... about the cause of action or is prevented in some extraordinary way from asserting his rights."    *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).    "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."    *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).    Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.    *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005).    Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or legal assistance, and alleged inadequacies in the prison law library are not sufficient to warrant equitable tolling.    *Tate v. Parker*, 439 Fed. Appx. 375, 376 (5th Cir. 2011); *Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Further, the courts have consistently held that a habeas petitioner bears the burden of proving equitable tolling in this context, *see Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002), and that the petitioner is required to show that he has been diligently pursuing his rights.    *See Holland v. Florida*, 560 U.S. 631, 649 (2010).

In the instant case, Petitioner has made no attempt to meet his burden.    Moreover, the Court notes that Petitioner waited approximately ten months after his conviction became final, or until February 10, 2011, before he filed his application for post-conviction relief in the state trial court.    Thus, 306 days of the one-year period were allowed to elapse before Petitioner first interrupted the time clock.    This factor alone weighs against a finding of equitable tolling in this

case.  *See Schmitt v. Zeller*, 354 Fed. Appx. 950, 951 (5th Cir. 2009) (declining to find equitable tolling where the petitioner waited 10 months after his conviction became final before applying for state habeas relief: "We have recognized that a component of the obligation to pursue rights diligently is not to wait until near a deadline to make a filing, then seek equitable tolling when something goes awry").  *See also Nelms v. Johnson*, 51 Fed. Appx. 482 (5th Cir. 2002) (noting that the Court had "found no case in which equitable tolling was granted after a petitioner had let ten months of the … limitations period slip by").  *Cf.*, *Green v. Stephens*, 565 Fed. Appx. 342 (5th Cir. 2014) (finding that a 6-month delay before retaining counsel to file a post-conviction relief application was not indicative of due diligence); *Tsolainos v. Cain*, 540 Fed. Appx. 394 (5th Cir. 2013) (same with delay of 9½ months in retaining counsel); *Page v. Stephens*, 2014 WL 2781165 (W.D. Tex. June 19, 2014) (same with delay of 7 months in retaining counsel), *citing Palacios v. Stephens*, 723 F.3d 600 (5th Cir. 2013), wherein the court weighed heavily against a petitioner a similar "lengthy, unexcused delay in hiring an attorney."   Further, in this context, the Fifth Circuit has generally determined that equitable tolling is not warranted where a petitioner's state habeas petition is non-compliant due to a failure to comply with state procedural rules. *Jones v. Stephens*, 541 Fed. Appx. 499, 504 (5th Cir. 2013); *Dugas v. Cain, supra* (denying equitable tolling where appellate writ application filed by attorney was deficient).   Where a petitioner has failed to comply with the state's rules, it is the petitioner's own actions, rather than the state's actions, that have caused the untimeliness of his petition.  *Id*.  *See also Larry v. Dretke*, *supra*.   Accordingly, based on the foregoing recitation, this Court concludes that Petitioner has not met his burden of proof in establishing his entitlement to equitable tolling in this

case.[6]

Finally, in certain rare instances, a petitioner may seek to avoid the effect of untimeliness by establishing that he is in fact innocent of the charged offenses. Specifically, in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the United States Supreme Court concluded that actual innocence, if proven, may serve as a gateway through which a petitioner may pass to avoid a procedural impediment such as the statute of limitations. The Court cautioned, however, that viable actual-innocence gateway claims are rare, explaining that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of ... new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 386, *citing Schlup v. Delo*, 513 U.S. 298, 329 (1995) (internal quotation marks omitted). To be credible, a claim of actual innocence requires that a petitioner support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial. *Schlup v. Delo, supra*, 513 U.S. at 324. In the instant case, Petitioner has presented no new evidence, much less evidence sufficient to support a claim of actual innocence, and there is therefore no basis to support a viable claim of actual innocence sufficient to avoid the operation of the limitations bar.

Based on the foregoing, the Court concludes that Petitioner's federal habeas corpus

---

6    In addition, whereas Petitioner was arguably not legally required to file an earlier "protective" federal habeas corpus application when he had notice of the potential lapse in the proceedings that might affect the limitations period, so as to show that he was acting with diligence, *see Palacios v. Stephens*, 723 F.3d 600, 607-08 (5th Cir. 2013), *citing Pace v. DeGuglielmo*, 544 U.S. 408, 416 (2005), such a filing would have potentially protected him from the running of the limitations period, and his failure to do so weighs heavily against a finding of equitable tolling in this case. *Id*. *See also Darden v. Sobina*, 477 Fed. Appx. 912, 918 (3d Cir. 2012) (citing *Pace* and finding that a prisoner who failed to file a protective petition was not diligent); *Bellon v. Neven*, 2014 WL 4104098, *6 (D.Nev. Aug. 19, 2014) (citing *Pace* and finding that a prisoner who failed to file a protective petition when circumstances warranted it was not reasonably diligent).

application should be dismissed as untimely.

<u>Petitioner's Motion for Summary Judgment</u>

As previously noted, Petitioner has filed a Motion for Summary Judgment herein (R. Doc. 18), wherein he complains that the State initially failed to fully comply with an Order of this Court (R. Doc. 4) directing that the State file herein a copy of the entire state court record, including proceedings conducted in both the state district and appellate courts.    Whereas the State complied with this directive in part, by filing two volumes of proceedings conducted in the state district court, *see* R. Doc. 6, the State initially neglected to provide copies of pertinent post-conviction proceedings and proceedings conducted in the state appellate courts.    Accordingly, by Order dated October 10, 2017 (R. Doc. 16), the Court directed the State to supplement the record with additional documentation.    Whereas Petitioner apparently complains that the State has again failed to comply with the Court's directive in this regard, the record reflects that the State has in fact timely filed supplemental documentation in response to the Court's Order.    *See* R. Doc. 17. In addition, whereas Petitioner appears to assert that the State's failure to initially provide the requested documentation is potentially indicative of bad faith, over-zealous prosecution, and the violation of his constitutional rights, there is no basis for this conclusory assertion, and the Court is unwilling to give it any credence.    Accordingly, the Court finds that there is no legal or factual basis for Petitioner's pending Motion for Summary Judgment, and the Court recommends the denial thereof.

<u>Certificate of Appealability</u>

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."    28 U.S.C. § 2253(c)(1)(A).    Although Petitioner has not yet filed a Notice of Appeal herein, the Court may

address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006). (Emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of Petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

RECOMMENDATION

It is recommended that Petitioner's Motion for Summary Judgment (R. Doc. 18) be denied and that the application for habeas corpus relief be denied as untimely pursuant to 28 U.S.C. § 2244(d). It is further recommended that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on February 14, 2018.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**